UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CORE VCT PLC,**<br>**CORE VCT IV PLC, and**<br>**CORE VCT V PLC**<br><br>    *Plaintiffs*,<br><br>  v.<br><br>**JAMES HENSLEY,**<br><br>    *Defendant.* | Civil Action No. 14-0074 (ESH) |

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant James Hensley's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. (Def.'s Mot. to Dismiss, Feb. 27, 2014 [ECF No. 4] ("Def.'s Mot.").) For the reasons stated herein, the Court will deny the motion without prejudice and refer the case to a magistrate judge for an evidentiary hearing on the question of jurisdiction.

### BACKGROUND

Plaintiffs Core VCT Plc, Core VCT IV Plc, and Core VCT Plc (collectively "Core") are public limited companies organized under the laws of the United Kingdom. (Compl. ¶ 1, Jan. 17, 2014 [ECF No. 1].) Invoking the Court's diversity jurisdiction, *see* 28 U.S.C. § 1332(a)(2), they have filed a complaint seeking recognition and enforcement of a judgment of the United Kingdom's High Court of Justice pursuant to the Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code § 15-361 *et seq.* (the "Act"). (Compl. ¶¶ 3, 11-13.) Defendant, a United States citizen, has moved to dismiss the complaint for lack of jurisdiction on

the ground that he is a United States citizen domiciled abroad in Monaco and thus not subject to a suit in federal court based on diversity jurisdiction. (Def.'s Mot. at 1; *id.* Ex. A (Decl. of James Hensley, Feb. 27, 2014) ("1st Hensley Decl.").) After defendant filed his motion to dismiss, plaintiffs sought the opportunity to engage in limited written jurisdictional discovery, presenting evidence that arguably contradicted defendant's claim to be domiciled in Monaco. (Pls.' Mem. in Support of Mot. for Jurisdictional Discovery at 2, Mar. 14, 2014 [ECF No. 5]; *id.* Exs. A-E.) After considering defendant's opposition and amended declaration (*see* Def.'s Opp. to Pls.' Mot. for Jurisdictional Discovery, Mar. 28, 2014 [ECF No. 6]; *id.* Ex. A (Decl. of James Hensley, Mar. 27, 2014) ("2d Hensley Decl.")), and plaintiffs' reply (see Pls.' Reply in Support of Mot. for Jurisdictional Discovery, Apr. 7, 2014 [ECF No. 7] ("Pls.' Reply") the Court authorized jurisdictional discovery as proposed in plaintiffs' motion.[1] (Memorandum Opinion and Order at 3, Apr. 8, 2014 [ECF No. 8]).) Plaintiffs then filed their response to the motion to dismiss, disputing defendant's claim to be domiciled in Monaco and arguing that the evidence before the Court establishes that defendant is domiciled in Illinois. (Pls.' Opp. to Def.'s Mot. to Dismiss, May 23, 2014 [ECF No. 9] ("Pls.' Opp.").)

## ANALYSIS

In relevant part, the diversity jurisdiction statute provides that federal district courts have "jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . *citizens of a State* and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (emphasis added). For purposes of diversity

---

[1] In resolving a jurisdictional dispute, "the court has considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *Prakash v. Am. Univ.*, 727 F.2d 1174, 1179 (D.C. Cir. 1984). The court is not limited to the factual allegations in the complaint, but "may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case." *Id.*

jurisdiction, a person is a "citizen of the State" in which he is domiciled. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). However, a United States citizen who "has no domicile in any State . . . is stateless" and cannot sue or be sued in federal court on the basis of diversity. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989); *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990) ("Though we are unclear as to Congress's rationale for not granting United States citizens domiciled abroad rights parallel to those it accords to foreign nationals, the language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity."). As "diversity of citizenship is assessed at the time the action is filed," *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991), the question for the Court is whether defendant was domiciled in Illinois and thus a "citizen of a State" or domiciled in Monaco and thus "stateless" at the time this action was filed.

A person's "[d]omicile is determined by two factors: physical presence in a state, and intent to remain there for an unspecified or indefinite period of time." *Prakash v. Am. Univ.*, 727 F.2d at 1180. Although "residency is indicative of domicile, it is not determinative." *Naegele v. Albers*, 355 F. Supp. 2d 129, 134-35 (D.D.C. 2005); *see also Shafer v. Children's Hosp. Soc'y of Los Angeles*, 265 F.2d 107, 121 (D.C. Cir. 1959) ("[D]omicile and residence are two different things."); *United States v. Williams*, 825 F. Supp. 2d 117, 124 (D.D.C. 2011) (residence is "[t]he act or fact of living in a given place for some time, while domicile is a person's true, fixed, principal, and permanent home, to which that person intends to return and remain even though currently residing elsewhere"). Indeed, a person may have multiple residences, but may have only one domicile, and a person may be a resident of one locality, but be domiciled in another. *Williams*, 825 F. Supp. 2d at 124; *Lopes v. Jetsetdc, LLC*, No. 1:13-cv-01550, 2014 WL

1388836, at *2 (D.D.C. Apr. 9, 2014). Thus, "a prolonged absence from one's domicile is not determinative of abandonment." *Wagshal v. Rigler*, 947 F. Supp. 10, 13 (D.D.C. 1996). Finally, for purposes of diversity jurisdiction, courts apply a presumption of continuing domicile, so that domicile in one place remains until domicile in a new place is established. *See Desmare v. U.S.*, 93 U.S. 605, 610 (1876); *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 697 (S.D.N.Y. 2013) (holding that United States citizen domiciled abroad would retain that domicile until "a new domicile in a state of the United States" was established).

Any analysis of domicile "must be fact-specific." *Wagshal*, 947 F. Supp. at 13. Indicia of domiciliary status may include a person's current residence, a sworn declaration of domicile, ownership of real and personal property, voting registration, bank accounts, automobile registration, driver's license and club membership. *Williams*, 825 F. Supp. 2d at 124. With respect to the question of defendant's domicile at the time this action was filed, the existing record establishes the following material facts:

(1) that from 1985 to 1989, defendant lived in Chicago with his wife in a condominium they had purchased in 1985 (2d Hensley Decl. ¶ 4);

(2) that in 1989, defendant changed jobs and moved to France, that his wife followed in 1990, that they leased an apartment in Paris where they lived together from 1990 until approximately July 1998, that they had a child who was born in France, that his wife is a French national whose family lives in France, that he had a Residence Card that allowed him to legally reside in France, that he paid individual income tax to the French government from 1995 to 1998 while he was employed by a French company, and that he and his wife divorced in 2002, but she and his child remain living in France (2d Hensley Decl. ¶¶ 5-8);

4

(3) that in July 1998, defendant moved to Monaco in conjunction with a new business venture, that he was issued a Residence Card in 1999 that allows him to legally reside in Monaco, that his most recent residence card was issued in October 2011 and shows an expiration date of July 18, 2014, and that he resided there at various rented apartments and hotels until at least April 2013 (2d Hensley Decl. ¶¶ 3, 9-16);

(4) that defendant continues to own his condominium in Illinois, which he claimed as a principal residence in 2012, that he has continuously maintained an Illinois driver's license, which he renewed most recently in 2012, that in recent years he has made not infrequent trips to Chicago, that his current employer, Global DMC Partners, has a business address in Chicago, Illinois, that his Monaco residence card is likely no longer valid, and that there is no documentary evidence establishing where he has actually resided in Monaco since he moved out of his apartment in August 2012 (2d Hensley Decl. ¶¶ 18, 19, 22; Pls.' Opp. Exs. A-E; Pls.' Reply Exs. A & B); and

(5) that defendant has an international drivers' license, that he is not registered to vote in Illinois, that there is no evidence that he has a current residence in Illinois, and that he has rented out the condominium he owns since 1990 (2d Hensley Decl. ¶¶ 15, 19, 20).

In addition, the record includes defendant's and his ex-wife's sworn declarations that they moved to France "with the intent to make it our permanent residence and to remain there indefinitely" (2d Hensley Decl. ¶ 5; Defs.' Reply Ex. A (Decl. of Michele G. Brian-Hensley, May 28, 2014)); defendant's sworn declaration that he moved to Monaco with the same intent and has "maintained [Monaco] as my residence since in or about July 1998" (2d Hensley Decl. ¶ 3); his sworn declaration that he maintains a valid Illinois driver's license because that makes it easier to rent cars (*id*. ¶ 22); and his sworn declaration that although his work for Global DMC

5

Partners requires him to occasionally travel to the United States, these visits "are always of a temporary duration and never made with the intent to remain in those locations permanently." (*Id*. ¶¶ 18.) Defendant also acknowledges that his Monaco Residence Card may have become invalid "in or about May/June 2013" but he states that he "intend[s] to enter into a new long-term lease . . . in June 2014 and, at that time, renew [the card]." (*Id*. ¶ 14.)

Plaintiffs argue that the record as a whole "clearly and definitely establishes that [defendant] was *not* domiciled in Monaco when this action was commenced." (Pls.' Opp. at 2.) Rather, plaintiffs argue, the record establishes that defendant is domiciled in Illinois either because: (1) he never abandoned his Illinois domicile when he moved to France; (2) he established domicile in Monaco, but his domicile reverted from Monaco back to Illinois when he lost his "legal" residence in Monaco; or (3) he established domicile in Monaco, but he reestablished domicile in Illinois by the time this case was filed. (*Id*. at 3-4.) The Court disagrees. Not only are there facts that support defendant's claim to be domiciled abroad, the record includes defendant's sworn declaration of domiciliary intent. Even though a sworn statement of domiciliary intent is not dispositive, *see, e.g., Washington v. Hovensa LLC*, 652 F. 3d 340, 344 (3rd Cir. 2011), the Court does not agree with plaintiffs that it can find defendant's declaration not credible without an evidentiary hearing.[2] *See Prakash v. Am. Univ*., 727 F.2d at 1180 ("When . . . a party expressly declares his intent, and the opposing written submissions do not demonstrate the falsity of the declaration with reasonable certainty, the issue necessarily

---

[2] As grounds for challenging defendant's credibility, plaintiffs point to, *inter alia*, the difference between his first declaration, which states that he has resided in Monaco "continuously" since 1998 (1st Hensley Decl. ¶¶ 2-3) and his second declaration, which states that he has "maintained [Monaco] as my residence since in or about July 1998" (2d Hensley Decl. ¶ 3) and also the fact that in 2012 he submitted an application for a property tax exemption based on his sworn statement that he uses the condominium as a "principal residence" while submitting documents to this Court that establish that the condominium has been rented out since 1990.

becomes one of the declarant's credibility. In that event, the court cannot rest its decision simply on the paper record, but must hold a hearing in order to adequately assess credibility.")

## CONCLUSION

Accordingly, for the reasons stated above, it is hereby

**ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that pursuant to Local Civil Rule 72.3(a), this case is referred to Magistrate Judge Alan Kay for an evidentiary hearing on the question of the Court's subject matter jurisdiction.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: July 23, 2014